OPINION
On October 2, 1997, appellant, Patti Richcreek, was charged with assault in violation of R.C. 2903.13(A) and aggravated menacing in violation of R.C. 2903.21. Said charges arose from an incident involving a co-worker, Penny Estvanko.
A bench trial commenced on December 12, 1997. The trial court found appellant guilty of assault and not guilty of aggravated menacing. By judgment entry filed December 12, 1997, the trial court sentenced appellant to ninety days in jail and imposed a $400 fine plus costs.
Appellant filed a notice of appeal and this matter is now before this court for consideration. Assignment of error is as follows:
I
 THE VERDICT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 I
Appellant claims her conviction for assault was against the manifest weight of the evidence. We disagree.
On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. State v. Jenks (1991),61 Ohio St.3d 259. On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin (1983), 20 Ohio App.3d 172, 175. See also, State v. Thompkins (1997), 78 Ohio St.3d 380. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction."Martin at 175.
R.C. 2903.13(A) defines assault as "[n]o person shall knowingly cause or attempt to cause physical harm to another." "Knowingly" is defined in R.C. 2901.22(B) as "[a] person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist."
Appellant and Ms. Estvanko were friends and Ms. Estvanko helped appellant acquire a job at her place of employment, Novelty Advertising Company. The two had a break in friendship which turned into a verbal feud. T. at 7-8. When Ms. Estvanko arrived at work on October 2, 1997, appellant made some kind of derogatory comment to Ms. Estvanko and Ms. Estvanko "flipped her off." T. at 9. The two were warned by a supervisor and then placed at the same table across from each other to assemble calendars. T. at 9. Two other individuals were also seated at the table, Sharon Dickerson and Jeanine Hughes. T. at 11. Ms. Estvanko testified appellant's "mouth was nonstop." T. at 12. Ms. Estvanko described the incident as follows:
Q. Okay. Did she threaten you in any way?
 A. Yes, she did. She said, `I'll get you. I'll kill you. I'll mess with you. I'll mess with your kids. I'll mess with your car.' She said, `I'll make your life miserable. I'll make your life hell.'
Q. This all happened —
 A. — All happened right there, and then she wung me with that calendar. And she — and I set there and took it without even moving, and she said, `Go tell. Go tell.'
* * *
 Q. All right. Okay, so after 15 or 20 minutes of the verbal attack, what did she say right before she throws the calender?
 A. She said, `I fucking hate you.' And she brought her arm back like that and just swung it. And the next thing I know, I was hit. And it — the calendar went flying behind me.
T. at 12 and 15, respectively.
The calendar struck Ms. Estvanko in the face causing an abrasion (Plaintiff's Exhibits 1, 2 and 3). Ms. Dickerson verified there was a red mark on Ms. Estvanko's face. T. at 42.
Appellant did not deny throwing the calendar, but described the incident as an accident:
 A. She — well, we were just working. I was screwing. And when I'm done screwing, I take the calender and I toss them.
Q. Okay.
 A. And, well, when I went to toss mine, evidently — I don't know, we get stacks of calendars pretty high and we have to lift yourself up a little bit because the calenders are in our way. And you got to lift yourself up and toss them down — I toss them down. We all toss them down.
* * *
 Q. And those are boxes. And you were just throwing them towards the boxes?
 A. No, not the boxes. I don't know. We were feuding, and I was just screwing them together and I tossed it, and, evidently, I don't now if she got up and went to throw her calendar when I threw mine or not; I don't know, but I didn't even know I scratched — I didn't even know I got her. I mean —
T. at 65 and 66, respectively.
On cross-examination, appellant testified as follows:
 Q Take a look at Plaintiff's exhibits 1 through 3.
A I don't —
 Q — Is there a mark on the right side of that girl's face going vertical or horizontal?
A Up and down, yes.
Q Runs vertical, doesn't it?
A Yes.
 Q So if you were throwing them with your left hand and they were flying like a frisbee, it would leave a horizontal mark, wouldn't it?
A Yeah.
 Q So if that mark came from a calendar, more along lines that it was thrown like that, wasn't it?
A Basically.
Q Make sense?
A Yeah.
 Q So now, you still want to stick with your story that she got hit with that calendar by an accident when you were throwing it down to Jeanine?
 A I don't know if she had her head turned when I went to toss my calendar or not, I don't know. I have no idea.
T. at 68-69.
At the conclusion of the trial, the trial court found appellant guilty of assault stating "I simply do not feel that, given the force and mark on this face, and the vertical line, that that was accidental, it could have reasonably been accidental." T. at 79.
The trial court was presented with contradictory evidence. The weight to be given to the evidence and the credibility of the witnesses rest with the trier of fact. State v. Jamison (1990),49 Ohio St.3d 182.
Upon review, we find sufficient evidence to support a conviction for assault beyond a reasonable doubt. The trial court had before it appellant's admission of a throw and pictures of the mark on Ms. Estvanko's face. The trial court did not err in finding appellant was aware that her "conduct will probably cause a certain result." We find no miscarriage of justice.
The sole assignment of error is denied.
The judgment of the Municipal Court of Coshocton County, Ohio is hereby affirmed.
By Farmer, P.J., Reader, J. and Wise, J. concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Coshocton County, Ohio is affirmed.